FILED
2007 Aug-22 PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LESLIE BARBER, <br> JACQUELINE BRANDON, <br> SANDRA FAYE CUNNINGHAM, <br> JOHN GREER, CURTIS KING JR., <br> TONEY McCLOUD, <br> SHONDA PATRICK MAZIQUE, <br> TAMMIE ORR, <br> SANDRA OVERSTREET, <br> TERESA ROBERTSON, <br> MARQUITA ROBY, KALETTA ROBY, <br> CARLOS SMITH, MARY ADAMS, <br> TERESA BESTER, SHEILA ELLIOTT, <br> D. WAYNE PRUITT, SALLIE SMITH, <br> and CHARLIE WILSON, <br> on behalf of themselves and <br> others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PECO FOODS, INC., <br><br> Defendant. | 7:06-CV-02054-LSC |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration the Motion for Notice to Potential

Plaintiffs and Limited Expedited Discovery, filed on March 9, 2007, by Leslie Barber, Jacqueline Brandon, Sandra Faye Cunningham, John Greer, Curtis King Jr., Toney McCloud, Shonda Patrick Mazique, Tammie Orr, Sandra Overstreet, Teresa Robertson, Marquita Roby, Kaletta Roby, Carlos Smith, Mary Adams, Teresa Bester, Shelia Elliott, D. Wayne Pruitt, Sallie Smith, and Charlie Wilson ("Plaintiffs"). (Doc. 26.) The motion has been fully briefed and is under submission.[1]

On October 12, 2006, Plaintiffs filed the current action on behalf of themselves and other similarly situated current and former Peco Foods, Inc. ("Defendant") employees. Plaintiffs are current or former employees at Defendant's chicken processing and production plants in Brooksville, Mississippi; Canton, Mississippi; Sebastopol, Mississippi; Bay Springs, Mississippi; Tuscaloosa, Alabama; and Gordo, Alabama. (Doc. 1 ¶ 2.) Plaintiffs allege that the Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by intentionally failing to compensate them for all hours worked, and by failing to pay them time and a half for all

---

[1] The Court convened a hearing on this matter on April 11, 2007.

overtime hours worked.[2]  (Doc. 1 ¶ 10.)  They seek unpaid wages; unpaid overtime; liquidated damages; court costs; attorneys' fees; litigation costs/expenses; and appropriate equitable relief.  (Doc. 1 ¶ 1.)

Plaintiffs ask the Court to conditionally certify this cause as a collective action (Doc. 1 ¶ 15) and to facilitate area-wide notice to all persons employed as hourly processing workers in Defendant's chicken processing plants since October 16, 2003.[3]  (Doc. 26 at 11.)  Defendant argues that this cause is unsuitable for conditional collective action certification and notice because Plaintiff and her proposed opt-in class are not "similarly situated" to each other within the meaning of 29 U.S.C. § 216(b) and the applicable regulations, and because there are "three virtually

---

[2]Specifically, Plaintiffs claim that Defendant, as a matter of course, deducts 30 minutes from each employee's workday for a meal irrespective of the actual time spent on the meal break; that Defendant does not pay overtime wages at one and one-half times employees' regular hourly rate; and that Defendant does not compensate employees for "the time spent in 'donning' and 'doffing' the protective and sanitary clothing" commensurate with the work of chicken processing and production facilities. (Doc. 1 ¶ 5.)  Plaintiffs also allege that Defendant does not compensate employees for the time spent passing through security devices before and after the end of their scheduled shifts.  (Id. at ¶ 12.)

[3]At the class certification hearing convened on April 11, 2007, Plaintiffs' counsel agreed with Defendant's counsel and conceded that employees who were paid based on the actual time worked, or "punch to punch" time, did not belong in this cause.  The Court made that conclusion binding, as stated on the record.

identical FLSA collection actions" pending against Defendants in various United States District Courts in Mississippi.[4] (Doc. 30 at 28.)

Upon careful consideration of the evidence and legal arguments made by the parties, Plaintiffs' motion is due to be denied.

II.   Procedural History.

Plaintiffs filed their complaint on October 12, 2006, and asserted a collective action against Defendant on behalf of themselves and all others similarly situated.  (Doc. 1.)  Defendant answered on November 6, 2006, denying the material allegations of the complaint and asserting 24 separate defenses. (Doc. 5.)  Plaintiffs moved to conditionally certify this cause as a collective action and to facilitate notice on March 9, 2007.  (Doc. 26.)

III.   Discussion.

Plaintiffs have brought this FLSA action against Defendant on behalf of themselves and all current and former employees similarly situated.

---

[4]These substantially similar FLSA collective actions were filed against Defendant in the United States District Court for the Southern District of Mississippi on February 9, 2007.  The actions are styled as Pace, et al. v. Peco Foods, Inc., 3:07-CV-86-HTW-LRA; Luckett et al. v. Peco Foods, Inc., 3:07-CV-85-HTW-LRA; and White et al. v. Peco Foods, Inc., 4:07-CV-18-DBJ-JCS.  The Court will address any effect of these actions on the pendency of the instant case at a later time.

However, "a member of the class who is not individually named in the complaint is not a party [to an FLSA lawsuit] unless he affirmatively 'opts in' by filing a written consent with the Court."[5] *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216 (b)); *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007). Plaintiffs therefore ask the Court to allow this case to proceed conditionally as a collective action pursuant to 20 U.S.C. § 216(b) and authorize area-wide notice to each current and former hourly maintenance, processing, and sanitation worker at Defendant's chicken plants nationwide. (Doc. 26 at 11.) Before a district court may issue such an order, Plaintiffs must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The decision whether to facilitate notice to potential plaintiffs is within the sole discretion of the district court, which also has the power to

---

[5]In this manner, a collective action under 20 U.S.C. § 216(b) is a "fundamentally different creature than the Rule 23 class action." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

allow for discovery of the names and addresses of potential collective action class members. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

The United States Court of Appeals for the Eleventh Circuit has suggested a two-tiered approach for dealing with collective action certification and notice pursuant to § 216(b). *Hipp v. Libery Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).[6] First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)[7]). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' or a representative class." *Id.* Then, "after discovery is largely complete ... [and] the court has much more information on which to base its decision,"

---

[6]Although *Hipp* addresses a collective action brought under the Age Discrimination in Employment Act of 1967, the same analysis applies to collective actions under the FLSA. *Cameron*, 347 F.3d at 1243 n.2.

[7]*Mooney* was overruled in part on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

the district court makes a "factual determination" as to whether the claimants are similarly situated. *Id.*

Plaintiffs may meet their burden by making substantial allegations of class-wide discrimination — that is, detailed allegations supported by affidavits which "successfully engage [Defendant's] affidavits to the contrary." *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988). Plaintiffs need not establish "a unified policy, plan, or scheme of discrimination" to satisfy the liberal "similarly situated" requirement of § 216(b), *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996), but they do bear the burden of demonstrating a "**reasonable basis**" for their claim of class-wide discrimination. *See Haynes*, 696 F.2d at 887.

29 U.S.C. § 203(o) specifically excludes from an employee's measured workday any time spent in changing clothes or washing at the beginning or end of each workday which was involved "by the express terms of or by custom or practice under a bona fide collective bargaining agreement ("CBA") applicable to the particular employee."[8]

---

[8]The full text of § 203(o) reads that the definition of "hours worked" expressly excludes "any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by

The Eleventh Circuit has recently held that "a policy concerning compensation (or noncompensation, as the case may be) for clothes changing, written or unwritten, in force or effect at the time a CBA was executed satisfies § 203(o)'s requirement of a 'custom or practice under a bona fide' CBA." *Anderson*, 488 F.3d at 958-59.

In *Anderson,* although the Eleventh Circuit was analyzing "tier two" decertification, its logic is also applicable in a district court's exercise of its broad discretion in the analysis of "tier one" cases where, as here, such material distinctions are facially apparent at this early stage of litigation. Applying the "fairly lenient" standard of the first analytical tier, the Court declines to conditionally certify this cause as a collective action.

In this cause, the undisputed facts show that five of the six plants at issue operate under duly negotiated CBAs. While several issues related to § 203(o) remain to be resolved[9], *Anderson* clarifies that even assuming that

---

the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee." 29 U.S.C. § 203(o).

[9]Pursuant to the Court's orders of April 12, 2007, and April 23, 2007 (Docs. 35, 37), the parties have agreed to an expedited schedule for consideration of these issues in a motion for partial summary judgment. Although the Court will not certify this cause as a collective action or facilitate notice, this expedited summary judgment schedule as to the § 203(o) issues is unaffected by this Opinion.

each CBA did not mention compensation for the protective clothes donning and doffing at issue, it satisfies § 203(o)'s "custom or practice" requirement. *Anderson,* 488 F.3d at 958. The Eleventh Circuit has stated that absence of negotiations does not equate to ignorance of the policy. *Id.* "Rather, ...[absence of negotiations] demonstrates acquiescence to [the preexisting policy]." *Id.* As five of the six plants owned by Defendant operate under a CBA, the impact of this issue will be dramatic and will obviously result in significantly different results between the six different plants. The Plaintiffs, who seek certification of employees at all of the plants, have failed to show that they are "similarly situated" to one another or to the prospective opt-in plaintiffs by presenting evidence to meet their burden of demonstrating that a "reasonable basis" exists for their claim of class-wide discrimination.

IV.   Conclusion.

Plaintiffs' motion is due to be denied. The Court will not exercise its discretion to conditionally certify this cause as a collective action and facilitate area-wide notice.

A corresponding order is filed contemporaneously herewith.

Done this <u>22nd</u> day of <u>August 2007</u>.

                                                                   L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE
                                                     124153